Brad K. Keogh (010321)
J. Scott Dutcher (026174)
MARICOPA COUNTY
OFFICE OF GENERAL LITIGATION SERVICES
Maricopa County Administration Building
301 West Jefferson Street, Suite 3200
Phoenix, Arizona  85003-2143
Telephone (602) 372-5700
keoghb@mail.maricopa.gov
dutchers@mail.maricopa.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RANDY ALAN PARRAZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MARICOPA COUNTY; DEPUTY JAMES CESOLINI and JANE DOE CESOLINI; DEPUTY JEFFREY S. HALL and JANE DOE HALL; CAPTAIN DAVID LOTORNEAU and JANE DOE LOTORNEAU; CHIEF DAVE TROMBI and JANE DOE TROMBI; and CHIEF BRIAN SANDS and JANE DOE SANDS;<br><br>Defendants. | No.  CV 2010-01663 PHX-ROS<br><br>**DEFENDANTS' ANSWER AND**<br>**DEFENDANTS' JURY DEMAND** |

Defendants Maricopa County, Deputy James Cesolini, Jane Doe Cesolini, Deputy Jeffery Hall, Jane Doe Hall, Captain David Lotorneau, Jane Doe Lotorneau, Chief Dave Trombi, Jane Doe Trombi, Chief Brian Sands, and Jane Doe Sands ("Defendants"), through their undersigned counsel, hereby submit their Answer to Plaintiff's Complaint, as follows:

Defendants deny each and every allegation set forth in Plaintiff's Complaint, except those allegations that are specifically admitted, qualified, or otherwise answered below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PARTIES**

1.      Answering Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, deny the same.

2.      Answering Paragraph 2 of the Complaint, Defendants admit only that Maricopa County is a political subdivision of the State of Arizona and that Defendants Cesolini,  Hall, Lotorneau, Trombi, and Sands were or are employees with MCSO. Defendants deny that they have caused any events to occur in Maricopa County, Arizona, or elsewhere, that would give rise to a valid cause of action against them.

3.      Answering Paragraph 3 of the Complaint, Defendants admit only that this Court has general original jurisdiction over the kinds of lawsuits set forth in the referenced statutes.  Defendants deny that they have caused any events to occur in Maricopa County, or elsewhere, upon which this Court's general original jurisdiction could be properly invoked.

4.      Answering Paragraphs 4-6 of the Complaint, Defendants admit only that the allegations of plaintiff's Complaint speak for themselves.  Defendants deny being conspirators in any conspiracy as alleged by plaintiff or otherwise acting improperly or illegally toward plaintiff.  Defendants deny that they have caused any events to occur in Maricopa County, or elsewhere, upon which this Court's general original jurisdiction could be properly invoked or that would otherwise give rise to a valid cause of action against them.

5.      Answering Paragraphs 7-9 of the Complaint, Defendants admit only that Sheriff Arpaio is the chief policy maker for MCSO.  Defendants deny all remaining allegations.

6.      Answering Paragraphs 10-16 of the Complaint, Defendants admit only that the facts, circumstances and evidence of the referenced events speak for themselves. Defendants deny being conspirators in any conspiracy as alleged by plaintiff or otherwise

acting improperly or illegally toward plaintiff.  Defendants deny that they have caused any events to occur in Maricopa County, or elsewhere, upon which this Court's general original jurisdiction could be properly invoked or that would otherwise give rise to a valid cause of action against them.  Defendants deny all remaining allegations.

## COUNT I

### (Malicious Prosecution – 42 U.S.C. § 1983)

7.    Answering Paragraph 17 of the Complaint, Defendants incorporate, by reference, all of their responses to all previous Paragraphs above.

8.    Answering Paragraphs 18-19 of the Complaint, Defendants deny each and every allegation.

## COUNT II

### (Abuse of Process – 42 U.S.C. § 1983)

9.    Answering Paragraph 20 of the Complaint, Defendants incorporate, by reference, all of their responses to all previous Paragraphs above.

10.    Answering Paragraph 21 of the Complaint, Defendants allege that the statement is a legal conclusion that requires no response.  Defendants further allege that both Abuse of Process and Malicious Prosecution are state, not federal claims.

11.    Answering Paragraph 22 of the Complaint, Defendants deny each and every allegation.

## COUNT III

### (Retaliatory Prosecution – 42 U.S.C. § 1983)

12.    Answering Paragraph 23 of the Complaint, Defendants incorporate, by reference, all of their responses to all previous Paragraphs above.

13.    Answering Paragraph 24 of the Complaint, Defendants allege that the statement is a legal conclusion that requires no response.

14.    Answering Paragraph 25 of the Complaint, Defendants admit only that the First Amendment speaks for itself. Answering Paragraphs 26-27 of the Complaint,

Defendants deny each and every allegation.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As and for a First Affirmative Defense, Defendants allege that the Complaint and each cause of action therein stated fails to state a claim upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

As and for a Second Affirmative Defense, Defendants assert that, at the time and places mentioned in Plaintiff's Complaint, Plaintiff is comparatively at fault and did commit willful misconduct and/or negligent conduct in and about the matters alleged in Plaintiff's Complaint, and therefore proximately and comparatively caused and contributed to whatever injury and/or damages Plaintiff may have sustained, if any.

**THIRD AFFIRMATIVE DEFENSE**

As and for a Third Affirmative Defense, Defendants deny any liability to Plaintiff, but to the extent that Plaintiff recovers damages, any award must be abated, apportioned or reduced to the extent that any other person's acts caused or contributed to Plaintiff's damages, if any, and/or by Plaintiff's failure to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

As and for a Fourth Affirmative Defense, Defendants assert that, at all times herein mentioned, Defendants and their agents and employees acted in good faith and with reasonable belief as to the legality of things and matters attributed to Maricopa County and Defendants, and that as a consequence thereof, no liability should or can be imposed on Defendants because they are entitled to qualified immunity, along with their agents.

**FIFTH AFFIRMATIVE DEFENSE**

As and for an Fifth Affirmative Defense, Defendants assert that there was a good faith belief in the existence of probable cause to arrest Plaintiff, in accordance with the laws of the State of Arizona and, therefore, Defendants and their employees and agents

are entitled to qualified immunity for the acts alleged in Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

As and for a Sixth Affirmative Defense, Defendants assert that Plaintiff cannot demonstrate that any deprivation of his constitutional rights occurred as a result of any officially adopted policy, practice or custom of Defendants, and, thus, no officially adopted policy, practice or custom can give rise to liability on the part of Defendants. Further, Plaintiff cannot establish any proximate cause of his damages.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a Seventh Affirmative Defense, Defendants allege that Plaintiff failed to file and serve a timely, statutorily compliant, and sufficient notice of claim for each of his claims, in violation of A.R.S. § 12-821.01.

## EIGHTH AFFIRMATIVE DEFENSE

As and for an Eighth Affirmative Defense, Defendants allege all relevant and applicable affirmative defenses listed in Rule 8(c), *Federal Rules of Civil Procedure*, as well as any other affirmative defenses that may become applicable pursuant to discovery, including, but not limited to: failure to join a necessary and proper party; assumption of risk; estoppel; laches; fraud; illegality; lack of respondeat superior; statute of limitations; waiver; acquiescence; unclean hands; statutory and state/federal constitutional defenses to punitive damages; contributory negligence; comparative fault; qualified immunity; absolute immunity; failure to strictly comply with A.R.S. § 12-821.01, *et seq.*; and any other matter which constitutes an avoidance or affirmative defense which further discovery may demonstrate to be applicable.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint against Defendants be dismissed with prejudice;

2. That Plaintiff take nothing by reason of the Complaint;

3. That Plaintiff be granted no relief in this action;

4. That Defendants have judgment against Plaintiff;

5.    That Defendants recover their costs of suit incurred herein;

6.    That Defendants recover their reasonable attorneys' fees; and

7.    For such other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants, through their undersigned counsel, hereby demand a jury trial on all issues subject thereto.

RESPECTFULLY SUBMITTED this __8th__ day of September, 2010.

MARICOPA COUNTY
OFFICE OF GENERAL LITIGATION SERVICES


By: */s/ Brad K. Keogh*_____
       Brad K. Keogh
       J. Scott Dutcher
       301 W. Jefferson, Suite 3200
       Phoenix, Arizona 85003
       Attorneys for Defendants


ORIGINAL of the foregoing
e-filed this __8th__ day of September, 2010 with:

Clerk
United States District Court
401 West Washington Street
Phoenix, Arizona 85003-2154

*/s/  Elvira Jaquez*_____
S:\Cases\2010\T\Parraz, Randy - T10-0112\Pleadings\Answer to Parraz Complaint 9-8-10.docx

6